**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

RYAN FIELDS,

Plaintiff,

-against-

COUNTY OF NASSAU AND
NASSAU COUNTY PROBATION DEPARTMENT,

Defendants.

-----------------------------------------------------------X

Case No.

**COMPLAINT**

**Plaintiff Demands a Trial by Jury**

Plaintiff Ryan Fields ("Fields" or "Plaintiff") alleges against Defendants County of Nassau ("Nassau County") and Nassau County Probation Department ("Nassau County Probation Department") (collectively, "Defendants") upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. The Defendants discriminated against Plaintiff and subjected Plaintiff to a hostile work environment on the basis of his **race**.
2. The Defendants further retaliated against Plaintiff after and as a result of his complaints of Defendants' discriminatory conduct.
3. More specifically, in this action for monetary damages, Defendants violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§2000e-2000e-17 et seq. as amended) ("Title VII"), by unlawfully discriminating against the Plaintiff on the basis of his **race**, subjecting Plaintiff to a hostile work environment and by retaliating against the Plaintiff for complaining about said discrimination, in violation of §704(a) of the Civil Rights Act of 1964, as amended.
4. Plaintiff also brings causes of actions pursuant to the New York State Human Rights Law ("NYSHRL"), Executive Law § 296 et seq., for **race** discrimination, a hostile work environment and retaliation.

5. The Federal and New York State anti-discrimination and anti-retaliation laws are intended to afford the same rights as all employees, no matter their **race**, and provide them with the dignity and respect they deserve in the workplace. As such, this is an action for declaratory, injunctive and monetary relief to redress Defendants' unlawful employment practices, including unlawful discrimination and retaliation committed against the Plaintiff.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the causes of actions brought under Title VII.

7. This Court has supplemental jurisdiction over the New York State law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is appropriate under 28 U.S.C. § 1391 (b) and (c) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, the Defendants regularly conducts business in this district and the Defendants is subject to personal jurisdiction in this district.

## EXHAUSTION OF REMEDIES

9. On November 30, 2023, Plaintiff requested a Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC") so that he may file a lawsuit against the Defendants in Federal Court.

10. On February 23, 2024, the EEOC issued Plaintiff a Right to Sue Letter. (See Exhibit A).

11. Plaintiff has exhausted his administrative remedies and files this Complaint within 90 days of the EEOC's issuance of his Notice of Right to Sue, satisfying all procedural prerequisites for bringing this action.

## PARTIES

**Plaintiff Ryan Fields ("Fields" or "Plaintiff")**

12. Plaintiff Ryan Fields ("Fields" or "Plaintiff") was and is a resident of Nassau County in the State of New York.

13. Plaintiff is Black.

14. Plaintiff was an employee of Defendants within the meaning of all applicable statutes.

**Defendant County of Nassau ("Nassau County")**

15. Defendant County of Nassau ("Nassau County") was and still is a municipal corporation of the State of New York, with its principal place of business located at 1 West Street, Mineola, New York 11501.

**Nassau County Probation Department ("Nassau County Probation Department")**

16. Defendant Nassau County Probation Department ("Nassau County Probation Department") was and still is a municipal corporation of the State of New York, with its principal place of business located 400 County Seat Dr. Mineola, New York 11501.

## FACTUAL ALLEGATIONS

17. On or about March 20, 2023, Plaintiff commenced his employment with Nassau County and the Nassau County Probation Department.

18. Plaintiff was employed by Nassau County and the Nassau County Probation Department as an Assistant Director of Psychotherapy.

19. In this role, Plaintiff assessed, counseled, and supported young individuals experiencing emotional, behavioral, or psychological challenges to promote their well-being and facilitate positive growth and development.

20. Plaintiff's annual salary during his employment with the Defendants was approximately $54,000.00.

21. Plaintiff was assigned to work at the Juvenile Detention Center located at 61 Carman Ave, Westbury, NY 11590.

**Race Discrimination, Hostile Work Environment & Retaliation**

22. During his employment, Plaintiff was discriminated against and forced to endure a hostile work environment because of his **race**.

23. On or about late July and early August 2023, Plaintiff's supervisor – Laura Befumo ("Befumo"), a white woman, used derogatory language against Plaintiff.

24. By way of example, Befumo referred to Plaintiff as a "**nigga**" on multiple occasions.

25. On a weekly basis, Befumo would provide Fields' schedule by delivering the document beneath his door. During these interactions, she would verbally abuse Fields with derogatory language.

26. More specifically, Plaintiff heard Befumo say, **I hate this nigga, I hate you nigga, you're irrelevant, can't wait for you to leave. I can't wait to get your black ass out of here.**

27. These discriminatory incidents were not isolated but occurred frequently, causing immense emotional distress for the Plaintiff.

28. The derogatory language used by Befumo was witnessed by other staff members such as the music teacher, Lakisha Curry.

29. Further, Befumo has openly made discriminatory remarks in front of juveniles.

30. Plaintiff complained about Befumo's conduct to Robbins Kennedy ("Kennedy") – the Director.

31. Kennedy directed Plaintiff to submit a formal complaint.

32. On August 27, 2023, Plaintiff submitted a written complaint to Kennedy, and John Plackis – Director of Probation Department, outlining the racial discrimination that he endured while working for County of Nassau and Nassau County Probation Department.

33. **Four days after Plaintiff submitted his complaint, the Defendants terminated his employment.**

34. Plaintiff was terminated in retaliation for his complaints of race discrimination.

35. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

36. As a result of the Defendants actions, Plaintiff has suffered economic loss.

37. As a result of the Defendants actions, Plaintiff suffered severe emotional distress.

38. As Defendants conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages.

## FIRST CAUSE OF ACTION
**(Race Discrimination in Violation of Title VII)**

39. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

40. By the actions described above, among others, Defendants have discriminated against Plaintiff because of his race in violation of Title VII.

41. As a direct and proximate result of Defendants unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION
**(Hostile Work Environment Pursuant to Title VII)**

42. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

43. By the actions described above, among others, Defendants have discriminated against Plaintiff and created a hostile work environment because of his race, in violation of Title VII.

44. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

**THIRD CAUSE OF ACTION**
**(Retaliation in Violation of Title VII)**

45. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

46. By the actions described above, among others, Defendant retaliated against Plaintiff by, *inter alia*, terminating him in violation of Title VII for engaging in protected activity.

47. As a direct and proximate result of Defendants unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

**THIRD CAUSE OF ACTION**
**(Race Discrimination in Violation of NYSHRL)**

48. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

49. By the actions described above, among others, Defendants have discriminated against Plaintiff because of his race in violation of the NYSHRL.

50. As a direct and proximate result of Defendants unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

**FOURTH CAUSE OF ACTION**
**(Hostile Work Environment in Violation of NYSHRL)**

51. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

52. Pursuant to the NYSHRL, a Claimant can establish a hostile work environment claim if he can show that was treated less well than other employees because of his protected class.

53. Claimant was treated less well by the Respondents because of his race.

54. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

**FIFTH CAUSE OF ACTION**
**(Retaliation in Violation of NYSHRL)**

55. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

56. By the actions described above, among others, Defendant has retaliated against Plaintiff by, *inter alia*, terminating him in violation of the NYSHRL for engaging in protected activity.

57. As a direct and proximate result of Defendants unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

B. An injunction and order permanently removing and clearing information to the contrary contained in Plaintiff's employee file and restraining Defendants from engaging in such unlawful conduct;

C. An award of compensatory damages as of result of Defendants violation of the Title VII and the NYSHRL;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional and psychological pain and suffering, and emotional and psychological distress caused;

F. An award of punitive damages;

G. An award of prejudgment and post-judgment interest;

H. An award of costs and attorneys' fees pursuant to applicable law; and

I. An award of such other relief that the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: May 13, 2024
New York, New York

Respectfully submitted,

**Akin & Salaman PLLC**

*/s/ Robert Salaman*

Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
Rob@akinlaws.com

*Counsel for Plaintiff Ryan Fields*